UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELE HAY<br>251 West Dekalb Pike<br>King of Prussia, PA 19406<br><br>Plaintiff,<br><br>vs.<br><br>NUVEEN INVESTMENTS, INC.<br>c/o CT Corporate Systems<br>123 South Broad Street<br>Philadelphia, PA 19109<br><br>Defendant. | No. _____<br><br><br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

AND NOW comes Plaintiff, Michele Hay, by and through her attorneys, Timothy M. Kolman and Associates, and files this Civil Action Complaint, and in support thereof avers as follows:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress for discrimination and retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964, as amended, and other applicable federal and state law.

### PARTIES

2. Plaintiff is Michele Hay, an adult individual residing at the above address.

3. Defendant is Nuveen Investments, Inc., a corporation created and existing under the laws of the state of Delaware, with an address for service of process at the above address and with a place of business at 5 Radnor Corporate Center, Radnor, PA 19087.

4. At all relevant times, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

5. All of the allegations contained in paragraphs 1 to 4 of this Complaint are incorporated by reference herein as is set forth at length.

6. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

7. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

8. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL AND ADMINISTRATIVE REQUIREMENTS

9. All of the allegations contained in paragraphs 1 to 8 of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act of 1964 as follows:

   a. On March 24, 2005, Plaintiff filed a timely written charge of discrimination (No. 170-2005-01853) against Defendant with the Philadelphia office of the Equal Employment Opportunity Commission alleging racial discrimination;

   b. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on the foregoing charges on or about November 3, 2005;

   c. The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

   d. Plaintiff also cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission;

   e. Plaintiff has exhausted her federal and state administrative remedies as to the allegations of this Complaint.

## FACTUAL BACKGROUND

11. All of the allegations contained in paragraphs 1 to 10 of this Complaint are incorporated by reference herein as if set forth at length.

12. Plaintiff is an African-American woman.

13. Plaintiff was employed by Defendant from November, 1999 to January, 2005.

14. In October, 2004, Plaintiff was pregnant.

15. As a result of her pregnancy, Plaintiff suffered from morning sickness, which morning sickness required Plaintiff to be absent from work for a period of time in December, 2004.

16. Immediately following Plaintiff's return to work after her absence, Plaintiff was terminated by Defendant.

17. During Plaintiff's employment with Defendant, Plaintiff was singled out and subjected to disparate treatment based upon her race and gender, including but not limited to:

   a. Plaintiff was denied adequate support and assistance, which support and assistance was provided to Caucasian male employees;

   b. Plaintiff was denied access to temporary workers, which access was provided to Caucasian male employees;

   c. Plaintiff was subjected to unfair performance reviews;

   d. Plaintiff was terminated for purely pretextual reasons.

## COUNT I
## TITLE VII - RACE

18. All of the allegations contained in paragraphs 1 to 17 of this Complaint are incorporated by reference herein as if the same were set forth at length.

19. The foregoing actions of Defendant constitute unlawful discrimination against Plaintiff on the basis of her race (African-American).

20. The foregoing actions of Defendant constitute unlawful retaliation to Plaintiff's opposition to race discrimination.

21. As a result of the unlawful discrimination inflicted by Defendant, Plaintiff has suffered damages as set forth herein.

## COUNT II
## 42 U.S.C. 1981a

22. All of the allegations contained in paragraphs 1 to 21 of this Complaint are incorporated by reference herein as if the same were set forth at length.

23. Defendant has engaged in knowing, purposeful, and unlawful discrimination pursuant to 42 U.S.C. § 1981a.

24. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally-protected right to be free from employment discrimination based on her race.

25. As a result of the unlawful discrimination inflicted by Defendant, Plaintiff has suffered damages as set forth herein.

## COUNT III
## TITLE VII - GENDER

26. All of the allegations contained in paragraphs 1 to 25 of this Complaint are incorporated by reference herein as if the same were set forth at length.

27. The foregoing actions of Defendant constitute unlawful discrimination against Plaintiff on the basis of her gender.

28. The foregoing actions of Defendant constitute unlawful retaliation to Plaintiff's opposition to gender discrimination.

29. As a result of the unlawful discrimination inflicted by Defendant, Plaintiff has suffered damages as set forth herein.

## COUNT IV
## PENNSYLVANIA HUMAN RELATION ACT

30. All of the allegations contained in paragraphs 1 to 29 of this Complaint are incorporated by reference herein as if set forth at length.

31. The foregoing actions of Defendant constitute unlawful discrimination, in violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 959, *et seq*.

32. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

## COUNT V

33. All of the allegations contained in paragraphs 1 to 32 of this Complaint are incorporated by reference herein as if set forth at length.

34. The foregoing actions of Defendant constitute unlawful discrimination, in violation of the Pregnancy Discrimination Act, 42 U.S.C.S. § 2000e(k).

35. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff, Michele, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant as follows:

   a. Defendant is to be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII of the Civil Rights Act of 1964, and other applicable federal and state law;

   b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their race or gender, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

   c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

   d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of the Complaint ion accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

TIMOTHY M. KOLMAN AND ASSOCIATES

By: _____
Timothy M. Kolman, Esquire
Attorney for Plaintiff
225 N. Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

January 31, 2006